Tlsley, J.
As both these appeals are taken with the view of having a certain judgment, homologating a judicial sale, annulled and set aside, they may be properly examined together.
It is needless to look into the judgment itself to ascertain if it is sustained by proper and sufficient evidence, as we are satisfied that the rendition of it in the Judge’s chambers, and not in open court during term-time, is fatal to it.
A Judge may grant certain orders in chambers in virtue of the power conferred upon him by section 32 of the Acts of 1855, No. 344; but the word “orders,” as used in this section, does not comprehend final judgments in monition suits, which are conclusive even against minors.
An opposition to a monition may be filed in court at any time, so long as no action of the Court, or of the opposite party, has intervened to conclude that right, and as a Judge, in taking up a monition case, must be satisfied that every opposition, at the moment pending, is before him, it would be in most cases impracticable for him to be satisfied on this point, particularly, when, at the time ex parte application is made to him to homologate a judicial sale, he is at a distance from the court wherein the proceeding is pending.
We adhere to the doctrine in Love v. Banks, reported in 3d L. R. 482, in which the Judge of the lower court had cited the parties in an injunction suit to attend “at a court of chambers,” where, regardless of the plaintiff’s exception, a trial was had.
■ To sustain the regularity of this proceeding, the Judge relied upon articles 741, 756 and 757 of the Code of Practice, the first of which provides “that the plaintiff may compel the defendant to prove, in a summary ¡manner, before ihe Judge, the truth of the facts alleged in the opposition,”
*177 And this Court observed, “We see nothing in the these provisions which authorizes a Judge to cite parties before him and try a cause a& his chambers. The law has appointed particular times and places for tl#b hearing of cases in. each parish. The terms of the court are fixed, cm reasons of utility to the public, and for the convenience of suitors. Thei^ inconveniences attending the practice pursued in this instance are so weighty and numerous, that without an express declaration of legislative will, we cannot presume such a course of proceeding was contemplated.”
The 5th section of the monition law, Acts 1855, No. 331, p. 464, places the Judge in the same position in that class of cases, as in any other matter of judicial action. He is to receive evidence, consider its'sufficiency and effect, and having applied his judicial reason to the subject-matter, decide the case presented. (Moore v. Knapp, 7 An. 22.) And there is nothing in that section or in any other provision of the law, that makes the trial of such a case, as to time and place, exceptional from that of any other judicial proceeding, to be tried in open court, which the law requires.
The judgment rendered by the Judge in chambers is null and void.
It is therefore ordered, adjudged and decreed, that the judgments appealed from, to-wit: the judgment on the rule in No. 1570 and the judgment homologating the judicial sale to Edward J. Gay, in No. 1571, be and the same are hereby annulled, avoided and reversed.
It is further ordered, adjudged and decreed, that the cause be remanded to be proceeded in according to law, the appellee paying the costs of appeal.
Labauve, J., recused.